# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NEW PHASE DEVELOPMENT, LLC, and WAYNE JONES, | Case No. 4:13-CV-00520-EJL-REB |
| Plaintiffs, | **MEMORANDUM ORDER** |
| v. | |
| JEFF COOK and NICOR INC., | |
| Defendants. | |

# INTRODUCTION

Pending before the Court in the above-titled matter is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and in the alternative, Motion to Dismiss Because of Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(3). Plaintiffs have responded to the Motion, and Defendants have replied. The matter is now ripe for the Court's review. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

# FACTUAL AND PROCEDURAL BACKGROUND

This case arises from failed negotiations to create a joint business venture. Plaintiff Wayne Jones ("Jones") is an Idaho resident, and plaintiff New Phase Development LLC ("New Phase") is domiciled in Idaho. Defendant Jeff Cook ("Cook") is a Texas resident, and defendant Nicor Inc. ("Nicor") has its principal place of business in Texas.

Nicor is a distributor of plastic lids for water meters but is not a plastics molder or manufacturer. (Jeff Cook Affidavit, Dkt. 11-1, Ex. A, p. 2). Nicor initially learned from one of its industry contacts that New Phase, a plastics/tooling company, could be a potential manufacturing partner. *Id.*; (Wayne Jones Affidavit, Dkt. 12-1, p. 2). Shortly thereafter, Cook called Jones and discussed a potential business opportunity. (Jones Aff., p. 2). In anticipation of an in-person meeting in Montana and further discussions of the potential business opportunities, the parties entered into a Mutual Non-Disclosure Agreement ("NDA") dated February 28, 2013. (Jones Aff., Ex. A). Cook and Jones each signed individually and on behalf of their respective companies. *Id.* Jones pursued NDA negotiations because he "possessed the specific expertise…that Nicor lacked" and saw intellectual property as "key to any potential transaction." (Jones Aff., p. 3).

Following the in-person meeting, the parties communicated by phone and email on numerous occasions. (Jones Aff., p. 4) During those communications, Plaintiffs disclosed to Defendants specific processes, methodologies and mold designs. *Id.* The

**MEMORANDUM ORDER - 2**

parties evaluated a variety of business structures, including a joint business venture, and traded business agreements. (Jones Aff., p. 2); (Cook Aff., p. 5). Defendants suggested a potential business structure and unsuccessfully sought loans for the joint business venture from Wells Fargo and Bingham & Taylor ("Bingham"). (Cook Aff., p. 3-4). The parties entered into new NDAs with Wells Fargo & Bingham before sharing confidential information. *Id.* Cook and a Bingham representative met Jones in Idaho, and the Bingham representative toured a potential Idaho manufacturing site. (Jones Aff., p. 4-5).

Soon after, the business relationship deteriorated. The parties met in Texas to salvage a deal but failed. (Jones Aff., p. 5). In their final communications, Cook allegedly stated that he intended to use his knowledge of confidential information, subject to the NDAs, to engage another manufacturer. *Id.* Plaintiffs filed a claim alleging breach of contract, violation of Idaho's Trade Secrets Act, unjust enrichment and seeking an injunction. (Dkt. 1). Defendants then filed the instant Motion to Dismiss asserting that this Court lacks personal jurisdiction. (Dkt. 11). In the Alternative, Defendants claim that venue is improper and move for transfer. (Dkt. 11). The Court has considered the parties' arguments and finds as follows.

## STANDARD OF REVIEW

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff "need only make a

**MEMORANDUM ORDER - 3**

prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. *Boschetto v. Hansing*, 539 F.3d 1101, 1015 (9th Cir. 2008). The Idaho Supreme Court has determined that Idaho's long-arm statute (Idaho Code § 5-514) allows a broader application of personal jurisdiction than permitted under the Due Process Clause. *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997). Thus, the Court need only decide whether asserting personal jurisdiction complies with due process. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

## ANALYSIS

1. **Personal Jurisdiction**

A. *Types of Jurisdiction: General and Specific*

There are two types of personal jurisdiction—general and specific. *Lake*, 817 F.2d at 1420. General jurisdiction is exercised by a state when personal jurisdiction is asserted over a "defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicoptores Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 n. 9 (1984). This occurs when the defendant has "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate

physical presence. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.,* 223 F.3d 1082 (9th Cir. 2000). Plaintiffs do not seek to invoke general jurisdiction in this case.

## B. *Requirements for Specific Jurisdiction*

Specific jurisdiction is exercised by a state when it asserts personal jurisdiction over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum state. *Helicoptores*, 466 U.S. at 414 n. 8. Specific jurisdiction depends on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *Lake,* 817 F.2d at 1421. The Ninth Circuit established a three-part test to determine whether a court may exercise specific personal jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which *arises out of or relates to* the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be *reasonable*.

*Id.* (emphasis added). *See also Ballard v. Savage,* 65 F.3d 1495 (9th Cir. 1995). The Ninth Circuit has also noted that the "contacts" requirements can be lessened if considerations of reasonableness so demand. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986). The plaintiff has the burden of satisfying the first two prongs. *Lake,* 817 F.2d at 1421. The burden then shifts to the defendant to demonstrate unreasonableness. *Boschetto*, 539 F.3d at 1016.

### (1) Purposeful Availment/Direction

The first requirement ensures that a defendant is not haled into court because of random, fortuitous or attenuated contacts or on account of the unilateral activity of third parties. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Purposeful availment and purposeful direction, although often used interchangeably, apply to two different situations, particularly in Ninth Circuit case law. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is more often used in suits involving contracts, whereas a purposeful direction analysis is used in suits involving torts. *Id.* This case contains both contract and tort claims.

A defendant satisfies the purposeful availment test by performing an affirmative act, such as executing a contract, which allows or promotes the transaction of business within the forum. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). A contract with a party in the forum state does not automatically establish the minimum contacts necessary for personal jurisdiction. *Burger King Corp.*, 471 U.S. at 479-80. The Court must also consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' course of dealing." *Id.*

Purposeful direction requires that a defendant directs its actions outside the forum state at the forum. *Schwarzenegger*, 374 F.3d at 803. The Ninth Circuit employs a three-part "effects" test to determine whether or not a defendant purposefully directs its acts at the forum. *Dole Food Co. v. Watts*, 303 F.3d 1104,

1111 (9th Cir. 2002). The defendant allegedly must: (1) commit an intentional act, (2) expressly aim at the forum state, and (3) cause harm that the defendant knows is likely to be suffered in the forum state. *Id.* The contacts to be considered on this Motion are: Mr. Cook's first telephone call to Mr. Jones, the NDAs executed by the parties, and the Idaho meeting.

    *(a) First Contact*

Plaintiffs alleged that Defendants initiated contact by calling Plaintiffs in Idaho. (Jones Aff., p. 2). Jones knew of Defendants but had never made contact. *Id.* Defendants acknowledged the call and did not dispute originating the contact. (Cook Aff., p. 2). At that time, Defendants knew the phone call was being made to Idaho. (Jones Aff., p. 2). The first phone call led to further email and phone communication and an in-person meeting in Montana. (Cook Aff., p. 2-3); (Jones Aff. p. 2).

    *(b) NDAs executed by the parties*

In anticipation of the in-person meeting, the parties executed an NDA. Later, Plaintiffs and Defendants executed two additional NDAs with thirds parties. All three NDAs state that, "The interpretation of this Agreement shall be in accordance with the laws of the State of Idaho, without regard to the state's conflict of laws, rules or principles." (Cook Aff., Ex. I, II); (Jones Aff., Ex. A). The NDAs are significant because each contract subjects the parties to the laws of the

State of Idaho.  Plaintiffs withheld confidential information until after the NDAs were executed, and those disclosures gave rise to the claims at bar.

*(c) Idaho Meeting*

Over the course of their communications, Plaintiffs and Defendants contemplated a joint business venture.  Defendants twice attempted to finance the venture.  For that purpose, Cook and a Bingham representative traveled to Idaho.  Defendants contend that the Bingham representative traveled to Idaho to meet Jones.  (Cook Aff., p. 4).  Plaintiffs contend that the Bingham representative traveled to Idaho to meet *and* to tour a potential Idaho manufacturing site.  (Jones Aff., p. 4).  On this Motion, the Court resolves such conflict in Plaintiffs' favor. *See Dole Food, Inc.*, 303 F.3d at 1108 (conflicts between parties over statements in affidavits are resolved in the plaintiff's favor).  The Court will assume that Plaintiffs' statements are true and the purpose of the Idaho meeting included touring a potential facility significant to the proposed joint venture.

Here, Defendants executed three separate NDAs with Plaintiffs.  The first NDA stated its purpose was the "evaluation of each party's potential interest in mutual business development."  (Jones Aff., Ex. A). The two additional NDAs were "in order to evaluate the possibility of developing a mutually beneficial relationship…." (Cook Aff., Ex. I, p.1, Ex. II, p. 1).  Thus, Defendants acted affirmatively by entering into contracts that promoted the transaction of business in Idaho.  Each of those three contracts contained the same clause subjecting

**MEMORANDUM ORDER - 8**

interpretation issues to Idaho law. The Court recognizes this clause does not constitute forum selection. However, Defendants signed three separate contracts governed by the laws of the State of Idaho. It follows that Defendants contemplated or should have contemplated the future consequence of being subject to the laws of Idaho. Defendants also knew that contacts with Plaintiffs were directed into Idaho and that any potential harm to Plaintiffs would likely result in Idaho. Finally, in the parties' course of dealing, Cook traveled to Idaho to further the business venture. Thus, Defendants' contacts directed at Idaho are sufficient to satisfy the purposeful availment requirement.

The Court finds Plaintiffs have also satisfied the purposeful direction "effects" test by showing that Defendants committed intentional acts aimed expressly at Idaho. When Defendants allegedly breached the NDAs' confidentiality requirements, they knew Plaintiffs' harm would be suffered in Idaho.

**(2) Claim Arises Out of or is Related to Defendants' Activities in Forum**

The second requirement for specific personal jurisdiction demands that the contacts constituting purposeful availment or purposeful direction give rise to the lawsuit. *Dole Food Co. Inc.*, 303 F.3d at 1108. The Ninth Circuit implements a "but for" causation test: personal jurisdiction is proper only where "but for" the defendant's activities in the forum, the plaintiff's injuries would not have occurred. *Id.*

Plaintiffs allege that they relied on the NDAs to protect against unauthorized release of proprietary information. (Jones Aff., p.4, 5-6). Defendants independently assert that Plaintiff insisted on the protections of an NDA. (Cook Aff., p. 3). Without the NDAs, Plaintiffs would not have shared confidential information with Defendants and would not have furthered discussions. The parties would not have exchanged numerous phone calls and email and met in person. In short, without Defendants' purposeful contacts, Plaintiffs would not have claims for breach of contract and trade secrets. Thus, the Court finds that "but for" the Defendants' activities in the forum, Plaintiffs alleged injuries would not have occurred.

**(3) Reasonableness**

The final requirement for specific personal jurisdiction demands that the exercise of jurisdiction is reasonable and comports with the notions of fair play and substantial justice. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 233 F.3d 1082, 1088 (9th Cir. 2000). Defendant bears the burden of proof. *Id.* A court determines reasonableness by seven factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum

to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Id.*

Here, Defendants argue that exercising personal jurisdiction is unreasonable because: 1) they did not purposefully interject themselves into the forum; 2) litigation in Idaho would be substantially burdensome; 3) Texas has a greater interest in adjudicating the dispute; and 4) Texas provides the most efficient judicial resolution of the controversy.  (Defendants' Reply In Support of Motion to Dismiss, Dkt. 13, p. 8-9).

As previously discussed, Defendants purposefully interjected themselves in Idaho by initiating contact, negotiating proposed business agreements, and executing contracts governed by Idaho law.  Defendants contend that potential witnesses are in Texas, but Defendants have not yet identified any witnesses. It appears from the record there are witnesses in both Idaho and Texas but neither group of witnesses significantly outnumbers the witnesses from the other state. The burden on Defendants to litigate in Idaho may be inconvenient but is not unreasonable.

This Court has already found that the language in the NDAs necessitates that Idaho law applies in this case.  While Texas may have strong trade secrets laws, Idaho has also asserted an interest in protecting its citizens through the enactment of trade secrets laws.  Idaho has a strong interest in ensuring redress for its citizens. *Superior Merch. Servs., LLC v. Bell*, 4:11-CV-00487-BLW, 2012 WL 256031 at

*13 (D. Idaho Jan. 27, 2012). Here, the Idaho plaintiffs' claims invoke the Idaho trade secrets statute and prompt Idaho's interest in redress. Plaintiffs also have a strong interest in litigating in Idaho. Finally, a Texas court applying Idaho law reduces judicial efficiency because the Texas court is less familiar with Idaho law.

On balance, Defendants have not made a compelling case to prove that exercise of jurisdiction in Idaho is unreasonable. Therefore, adjudication in Idaho does not offend the traditional notions of fair play and substantial justice. The Court finds that jurisdiction is reasonable.

When a plaintiff sues a corporation and one of its agents individually, the court must examine the defendant's activities separately from those of the corporation to determine whether personal jurisdiction is proper. *Mann v. Coonrod*, 870 P. 2d 1316, 1318-19 (Idaho 1994). As discussed previously, the NDAs are a key component to the Court's personal jurisdiction analysis. Contract terms should be given their ordinary meaning; when those terms are clear, the intent of the parties should be determined from the contract itself. *Wapato Heritage, LLC v. U.S.*, 637 F.3d 1033, 1039 (9th Cir. 2011). Defendant Cook signed all three NDAs on Nicor's behalf and "For himself." (Jones Aff., Ex. A); (Cook Aff., Ex. I, p.3, Ex. II, p. 3). Taken in their ordinary meaning, the words "for himself" indicate that Defendant Cook assumed individual duties of confidentiality under all three contracts. His individual obligations are separate from the duties he assumed on Nicor's behalf. Because Defendant Cook assumed personal liability in addition to

acting as Nicor's agent, he purposefully availed himself of Idaho. As previously discussed, the NDAs and related contacts gave rise to the claims at bar. Therefore, the second requirement for personal jurisdiction is satisfied. Finally, the foregoing reasonableness analysis also applies to Cook as an individual; litigating this matter in Idaho is reasonable.

Thus, the Court has personal jurisdiction over Defendants Cook and Nicor.

## 2. Venue

### A. *Motion to Dismiss for Improper Venue Under 28 U.S.C. 1391(b)*

Section 1391(b) of Title 28 provides:

Venue is only proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

This Court has found, for the foregoing reasons, that Defendants are subject to personal jurisdiction in the District of Idaho. Therefore, venue is proper.

### B. *Transferring Venue Pursuant to 28 U.S.C. § 1404(a)*

A court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a). The Ninth Circuit requires courts to weigh multiple factors in determining whether to transfer an action. *Jones v. GNC Franchising, Inc.*, 211

F.3d 495, 498 (9th Cir. 2000). It identifies the following factors that a court may consider:

(1) the location where the relevant agreements were negotiated and executed,
(2) the state that is most familiar with the governing law,
(3) the plaintiff's choice of forum,
(4) the respective parties' contacts with the forum,
(5) the contacts relating to the plaintiff's cause of action in the chosen forum,
(6) the differences in the costs of litigation in the two forums,
(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and
(8) the ease of access to sources of proof.

*Id.* at 498-499. A defendant does not satisfy the burden by merely showing preference for another forum or by shifting the inconvenience to the other party. *See Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964).

As discussed, Defendants argued that Texas is a more efficient and convenient forum. However, Defendants fail to show that a transfer accomplishes more than merely shifting any inconvenience to Plaintiffs. Similarly, the Court has found that Idaho law governs this dispute, and Idaho adjudicators are certainly more familiar with Idaho law. There is no evidence that litigating this case in Texas would be more cost efficient. Finally, a defendant must make a strong showing to upset the deference accorded to the plaintiff's forum choice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants failed to make a compelling case for unreasonableness or for shifting venue when deference is accorded to Plaintiffs' choice of venue. The Idaho Plaintiffs chose to file suit in Idaho, and the interests of justice are best served by an Idaho venue.

**MEMORANDUM ORDER - 14**

Based on the foregoing, the Court finds that the Defendants have not satisfied the burden to warrant a venue transfer under §1404(a).

## ORDER

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or in the Alternative to Transfer (Dkt. 7) is **DENIED.**

DATED: September 25, 2014

_____
Edward J. Lodge
United States District Judge