UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NEW PHASE DEVELOPMENT LLC and WAYNE JONES,<br><br>      Plaintiffs,<br><br>vs.<br><br>JEFF COOK and NICOR INC.,<br><br>      Defendants. | Case No.: 4:13-cv-00520-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CONFIDENTIAL INFORMATION AND TRADE SECRETS OF PUBLIC INFORMATION**<br>**(Docket No. 35)**<br><br>**PLAINTIFFS' RENEWED MOTION TO SEAL**<br>**(Docket No. 50)** |

Now pending before the Court are: (1) Defendants' Motion in Limine to Exclude Evidence of Confidential Information and Trade Secrets of Public Information (Docket No. 35), and (2) Plaintiffs' Renewed Motion to Seal (Docket No. 50). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. DISCUSSION

At first blush, Defendants' Motion in Limine makes the seemingly-sensible request that the Court preclude Plaintiffs from arguing that "anything in publicly-available records" is Plaintiffs' confidential information and/or trade secrets. *See generally* Mot. in Limine (Docket No. 35).[1] However, a closer examination of Defendants' Motion in Limine reveals that

---

[1] Defendants similarly ask that Plaintiffs be precluded from arguing that Defendants (1) had any obligation under the applicable non-disclosure agreements "with respect to anything disclosed in publicly-available records," and (2) used, misused, or threatened to use "anything disclosed in publicly-available records." *See generally* Mot. in Limine (Docket No. 35).

MEMORANDUM DECISION AND ORDER - 1

Defendants seek to draw upon this Court's previous denial of Plaintiffs' efforts to seal certain exhibits (exhibits which Plaintiffs contend contain confidential and/or proprietary information) filed in opposition to Defendants' earlier motion for summary judgment to now argue that, because those exhibits are not filed under seal, they represent publicly-available records to which trade secret protection cannot attach. *See id.* at p. 3 ("As a consequence, the exhibits are public information and could not be 'Confidential Information' of Plaintiff under the asserted [non-disclosure agreements] or otherwise, nor could they be trade secrets of Plaintiff as it may have previously asserted in this lawsuit."). The undersigned rejects such a hard-and-fast approach.

It is true that, on July 27, 2015, U.S. District Judge Edward J. Lodge denied Plaintiffs' then-pending motion to seal which, in turn, set the stage for Defendants' at-issue Motion in Limine. *See* 7/27/15 MDO (Docket No. 34). But the justification for doing so was not premised upon any substantive legal analysis; rather, Plaintiffs' motion to seal was denied because Plaintiffs failed to set forth *any* reasons whatsoever (let alone the requisite "compelling reasons") to seal the exhibits. On this point, Judge Lodge found:

> Plaintiffs filed a motion seeking to seal exhibits submitted in support of their response to Defendants' Motion for Summary Judgment. Plaintiffs' Motion to Seal did not provide any justification for sealing the documents, other than that they "contain confidential information." Magistrate Judge Ronald E. Bush accordingly determined Plaintiffs failed to meet their burden of demonstrating compelling reasons to restrict public access. Judge Bush ordered Plaintiffs to submit a supplemental brief demonstrating "compelling reasons" to keep the documents under seal by June 23, 2015 if they desired to maintain the records under seal. Plaintiffs did not file a supplemental brief. The Court accordingly assumes Plaintiffs either do not desire to keep the records under seal or do not have compelling reasons to restrict the "strong presumption" in favor of public access. Plaintiffs' Motion to Seal is accordingly denied.

**MEMORANDUM DECISION AND ORDER - 2**

*Id*. at pp. 19-20 (internal citations omitted).[2]  In other words, whether the exhibits Plaintiffs submitted in opposition to Defendants' motion for summary judgment actually contain confidential information that should (in good conscience and consistent with legal precedent on the issue) be sealed was not ultimately ruled upon by this Court.[3]

Without speaking here to the legal impact, if any, of not filing otherwise confidential information under seal for the purposes of addressing its corresponding trade secret status,[4] the fact remains that Plaintiffs' intention in having the exhibits filed under seal is unquestioned; that they may have unsuccessfully done so initially, misses the point.  To be clear, this is not a case of Plaintiffs not attempting to seal the exhibits in the first instance, only doing so now once finding themselves caught between the legal equivalent of a rock and hard place.  The record reflects that Plaintiffs originally moved to seal the exhibits at the same time they filed their opposition to Defendants' motion for summary judgment.  *See* Mot. to Seal (Docket No. 29).

---

[2]  Judge Lodge was originally assigned to preside over this action, referring non-dispositive matters to the undersigned.  *See* Sched. Order (Docket No. 15).  On November 3, 2015, all parties consented to proceed before a U.S. Magistrate Judge and, the next day, this action was reassigned to the undersigned for all further proceedings.  *See* 11/4/15 Docket Entry Notice.

[3]  Though not dispositive of any issue now before the Court, until now, Defendants neither opposed Plaintiffs' underlying motion to seal nor objected to having the referenced exhibits filed under seal.

[4]  The parties devote multiple pages of briefing to this issue.  *Compare* Pls.' Supp. Mem. in Opp. to Mot. in Limine, pp. 2-5 (Docket No. 61) ("Courts have held on numerous occasions that documents did not lose their trade secret status even when attached to briefing filed in the public record or otherwise utilized in the litigation"), *with* Defs.' Reply in Supp. of Mot. in Limine, pp. 4-10 (Docket No. 63) ("Thus, this Court's publicly accessible records – which include the particular affidavit and exhibits applicable to the Motion in Limine here – are and have been in the 'public domain.' . . . . Those public records could not be relevant for Plaintiffs' assertion of what may be subject to coverage by the alleged [non-disclosure agreement] contract[s].  The alleged [non-disclosure agreement] contract(s) expressly except information in the 'public domain.'").

**MEMORANDUM DECISION AND ORDER - 3**

And, once Judge Lodge denied Plaintiffs' motion to seal, Plaintiffs renewed their efforts to seal the exhibits soon thereafter. *See* Renewed Mot. to Seal (Docket No. 50). Plaintiffs' Renewed Motion to Seal is now before this Court, alongside Defendants' Motion in Limine, the latter of which turns on the former.

Not surprisingly, the basis for Plaintiffs' Renewed Motion to Seal is that the exhibits filed contemporaneously with Plaintiffs' opposition to Defendants' motion for summary judgment contain (and have always contained) confidential information. *See* Mem. in Supp. of Renewed Mot. to Seal, pp. 1-2 (Docket No. 50, Att. 1) ("Because the evidence that is necessary to prove the Plaintiffs' claims is confidential, it must be placed under seal to avoid placing the Plaintiffs in the "Catch-22" of losing their rights to the confidentiality of that evidence – and thereby forfeiting their claims."). For the reasons that follow, the undersigned agrees (but only to an extent) that, based upon the more developed record now before the Court, the exhibits in question that actually speak to Plaintiffs' allegedly proprietary information should be sealed.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The presumption of access is "based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) (citations omitted).

**MEMORANDUM DECISION AND ORDER - 4**

Two standards govern motions to seal portions of documents: (1) a "compelling reasons" standard, which applies to dispositive motions, and (2) a "good cause" standard, which applies to non-dispositive discovery type motions.  *See Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  The "'compelling reasons' standard applies to most judicial records."  *Pintos*, 605 F.3d at 677-78.  To satisfy that standard, the party seeking to seal "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotations omitted).  The court then must balance the public's interest in access against the proffered reasons.  *See id*.  If the court agrees that the party's compelling reasons outweigh the public's right to access, it must "articulate the factual basis for its ruling, without relying on hypotheses or conjecture."  *Id*. (citation omitted).  Compelling reasons exist where the judicial record itself may become "a vehicle for improper purposes."  *Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598) (examples of improper purposes include "the use of records to gratify public spite, promote public scandal, circulate libelous statements, or release trade secrets); *see also Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.").

At issue here are six exhibits (Exhibits A-F) attached to Michael D. Gaffney's affidavit.  *See* Gaffney Aff. (Docket No. 28, Att. 2).[5]  Because these exhibits were submitted in conjunction with Plaintiffs' opposition to Defendants' motion for summary judgment, compelling reasons

---

[5] Mr. Gaffney no longer represents Plaintiffs.  *See* Not. of Sub. (Docket No. 60). Attorneys Bradley J. Dixon and Kersti H. Kennedy now represent Plaintiffs.  *See id*.

**MEMORANDUM DECISION AND ORDER - 5**

must exist before ordering them to be sealed.  *See supra*.  After reviewing each of these six exhibits, the Court determines that compelling reasons exist to seal only one – Exhibit D.

Exhibit D is a memorandum – titled "Trade Secret" – drafted by Plaintiff Wayne Jones in his capacity as the manager of Plaintiff New Phase Development LLC ("New Phase").  *See* Jones Aff. in Supp. of Renewed Mot. to Seal, ¶ 4 (Docket No. 62).  Exhibit D contains claimed confidential and trade secret information concerning the a purportedly proprietary process that New Phase invented for creating certain plastic injection mold products.  *See id*. at ¶ 5.[6]  In particular, Exhibit D describes: (1) "[t]he clamping pressure needed to obtain plastic products (and specifically lid molds) with increased thickness;" (2) "[t]he calculations and scientific formulas for using multi-cavity molds to yield increased production numbers;" and (3) "[t]he use of family injection molding with interchangeable cavities to increase production efficiency and significantly decrease the production costs for lid molds and other plastic products.  *Id*. at ¶ 8(a-b).  According to Plaintiffs, competitors obtaining a copy of Exhibit D's contents "would gain a significant business advantage" owing to the fact that the "[u]se of Plaintiffs' trade secrets will change the landscape of lid production costs and thus give an enormous competitive advantage to anyone using Plaintiffs' trade secrets" which, in turn "would greatly harm Plaintiffs' business."  *Id*. at ¶¶ 9-10 (internal quotations omitted).  These arguments detail that Exhibit D contains Plaintiffs' confidential and proprietary information.  As such, compelling reasons exist to seal Exhibit D to Mr. Gaffney's affidavit.  In this respect, Plaintiffs' Renewed Motion to Seal is granted.

---

[6]  This observation is not a ruling upon the ultimate issue of whether the information in Exhibit D carries official trade secret status.

**MEMORANDUM DECISION AND ORDER - 6**

The other exhibits are less straightforward. Exhibit A is copy of Plaintiffs' responses to certain of Defendants' interrogatories (Interrogatory Nos. 3-12 (or parts thereof)). The information contained within these responses either do not discuss Plaintiffs' alleged trade secrets, or do so in such a general way as to not amount to the disclosure of trade secrets if not filed under seal.[7] Exhibit B is a copy of excerpts from Defendant Jeff Cook's deposition. No discussion of Plaintiffs' claimed trade secrets takes place within Mr. Cook's included deposition testimony. Exhibit C contains two emails between Messrs. Cook and Jones. These emails cursorily discuss part numbers, sales, and target costs (reflected in an attached "Plastic Injection Molding Production Relationship" document); they do not, however, obviously speak to any of Plaintiffs' claimed trade secrets. Exhibit E also includes two emails between Messrs. Cook and Jones, neither of which make any reference to any of Plaintiffs' trade secrets. Finally, Exhibit F is another set of emails between Messrs. Cook and Jones. Although one of these emails references "multi-cavity molds" as being confidential information, Exhibit F has no discussion of any trade secret specifics. Accordingly, the Court determines that no compelling reason exists (and Plaintiffs have not offered any beyond all-encompassing generalizations) to seal Exhibits A,

---

[7] For example, in response to Interrogatory No. 6, asking Plaintiffs to identify each trade secret that was allegedly disclosed or delivered to Defendants, Plaintiffs identify the trade secret as "generally . . . the ability to utilize low injection pressures in very-large (exposed surface area), non-foamed, plastic injection molded parts." Pls.' Resp. to Defs.' Interrogs., attached as Ex. A to Gaffney Aff. (Docket No. 28, Att. 2). Elsewhere, Plaintiffs confirm that "the general process for multi-cavity molding is known and used within the plastics manufacturing industry," indicating that Plaintiffs' generic response to Interrogatory No. 6 does not include the same level of detail vis à vis Plaintiffs' claimed trade secrets as Exhibit D. Jones Aff. in Supp. of Renewed Mot. to Seal, ¶ 7 (Docket No. 62). Additionally, it should be pointed out that Plaintiffs' full response to Interrogatory No. 7, asking Plaintiffs to identify each trade secret that was allegedly misappropriated by Defendants, is not included within Exhibit A – page 8 is excised from the record, presumably because Plaintiffs believe *that* response contains its trade secrets. *See* Pls.' Resp. to Defs.' Interrogs., attached as Ex. A to Gaffney Aff. (Docket No. 28, Att. 2).

**MEMORANDUM DECISION AND ORDER - 7**

B, C, E, and F to Mr. Gaffney's affidavit.[8]  In this respect, Plaintiffs' Renewed Motion to Seal is denied.

## II.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' Renewed Motion to Seal (Docket No. 50) is GRANTED , in part, and DENIED, in part, as follows:

    a. The information in the Court record referenced in Exhibit D to Mr. Gaffney's affidavit should be sealed.  In this respect, Plaintiffs' Renewed Motion to Seal (Docket No. 50) is GRANTED.

    b. Exhibits A, B, C, E, and F to Mr. Gaffney's affidavit should not be sealed. In this respect, Plaintiffs' Renewed Motion to Seal (Docket no. 50) is DENIED.

    c. **The clerk is therefore directed to seal Docket No. 28, Att. 2.  Within 10 days of this Memorandum Decision and Order, Plaintiffs are ordered to re-submit the Affidavit of Michael D. Gaffney and Exhibits A-E as separate attachments.  Plaintiffs shall only re-file Exhibit D under seal.**

2. Defendants' Motion in Limine to Exclude Evidence of Confidential Information and Trade Secrets of Public Information (Docket No. 35) is DENIED.

3. Within the parties' April 26, 2016 Stipulation to Amend Scheduling Orders Re: Pre-Trial Deadlines, the parties stated, in part:

---

[8] Mr. Jones's affidavit confirms as much.  Therein, he identifies all of the exhibits attached to Mr. Gaffney's affidavit, but only discusses Exhibit D as involving Plaintiffs' trade secrets while arguing in favor of only Exhibit D's sealing.  *See generally* Jones Aff. in Supp. of Renewed Mot. to Seal (Docket No. 62)

**MEMORANDUM DECISION AND ORDER - 8**

> The trial in this matter is not set to commence until August 29, 2016. Plaintiff New Phase Development, LLC and Wayne Jones have recently retained replacement counsel that is in the process of fully evaluating the lawsuit and counsel have recently discussed the potential for new settlement efforts. Additionally, pending before the Court is Defendants' Motion in Limine to Exclude Evidence of Confidential Information and Trade Secrets of Public Information (Docket No. 35) and Plaintiffs' Renewed Motion to Seal (Docket No. 50). Those motions were set for hearing before this Court on February 29, 2016. However, due to scheduling conflicts the Court canceled the hearings on the pending motions. A hearing has not been re-set. It is the position of the parties that an extension of the above-mentioned deadlines would provide counsel for Plaintiffs appropriate time to evaluate the case and allow the parties to pursue potential settlement talks. Further, an extension of the deadlines would provide the opportunity to obtain a ruling from this Court on the pending motion in limine and renewed motion to seal. A ruling on these motions will further define the claims left to be tried and will reduce the scope and complexity of the pre-trial filings.

Stip. (Docket No. 64). The Court adopted the parties' Stipulation on the same day, extending the deadline to serve motions in limine, exhibit lists, jury instructions, proposed voir dire, trial briefs, witness lists, and exhibit exchanges to June 6, 2016. **Therefore, in light of the resolution of the motions discussed in this Memorandum Decision and Order, coupled with the representations made in the parties' recent Stipulation, the parties are directed to file a status report on or before May 20, 2016, discussing the status of any settlement discussions (or scheduled settlement discussions), if any, leading up to the above-described pre-trial deadlines and, ultimately, the August 29, 2016 trial date**.

DATED: **May 2, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**